# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, JUETTEN, and MURDOUGH
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant LADELL B. POLLARD**
**United States Army, Appellant**

ARMY 20240519

Headquarters, Fort Hood
Javier E. Rivera-Rosario, Military Judge
Colonel Terri J. Erisman, Staff Judge Advocate (pre-trial)
Colonel Christopher B. Burgess, Staff Judge Advocate (post-trial)

For Appellant: Major Peter M. Ellis, JA; Captain Emily R. Ittner, JA (on brief).

For Appellee: Lieutenant Colonel K. M. Bohlke, JA (on brief).

15 September 2025

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MURDOUGH, Judge:

This case is before us on review pursuant to Article 66(b)(1), Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 866(b)(1). The appellant submitted this case with no specific assignments of error. However, in a footnote to appellant's brief, appellate defense counsel appear to assert error. Specifically, appellate defense counsel correctly point out multiple errors in the post-trial paperwork and suggest that the convening authority did not properly consider appellant's post-trial submissions as required by R.C.M. 1110(d), incorporating by reference R.C.M. 1109(d)(3)(A).

Though not submitted as an assignment of error, because appellant also personally raised the issue in his matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and pursuant to our duty under Article 66(e)(1)(A) to

assess the legality of appellant's sentence, we address this matter and determine it does not merit relief.[1]

## BACKGROUND

A military judge sitting as a general court-martial convicted the appellant pursuant to his pleas of one specification of assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928. The military judge sentenced him to be confined for 120 days. The military judge did not impose any other punishment, and this sentence did not trigger any automatic forfeitures of pay or allowances under Article 58b, UCMJ, 10 U.S.C. § 858b.

The appellant submitted matters to the convening authority pursuant to R.C.M. 1106, seeking clemency in the form of a partial reduction of his sentence to confinement. Pursuant to R.C.M. 1110(d), incorporating by reference R.C.M. 1109(d)(2), the staff judge advocate, in writing, advised the convening authority that appellant had submitted a request to defer automatic forfeitures and to waive automatic forfeitures for the benefit of his dependents. The convening authority then, in writing, approved the deferment of automatic forfeitures but disapproved the waiver of automatic forfeitures, noting that appellant had not submitted the required documentation. The judgment of the court likewise indicates the convening authority took these actions. Appellant did not file a post-trial motion to correct errors in the convening authority's action.

## LAW AND DISCUSSION

Rule for Courts-Martial 1104(b)(2)(B) requires any post-trial motion to correct errors in the convening authority's action to be filed within five days, or it is forfeited. As that did not occur here, appellant's personally asserted error is forfeited and we review it for plain error. *United States v. Miller,* 82 MJ 204, 208 (C.A.A.F. 2022). Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused. *Id.* (citation omitted); *see also United States v. Wheelus,* 49 M.J. 283, 288 (C.A.A.F. 1998) (requiring, *inter alia,* appellant to allege prejudice and show what he would do to resolve the error if given the opportunity).

Here, there was plain and obvious error. The sentence of the court-martial did not include any adjudged forfeitures and did not operate to impose automatic forfeitures under Article 58b. The staff judge advocate informed the convening

---

[1] Our discussion of this issue partially addresses an issue personally submitted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). We have considered the remainder of the matters submitted pursuant to *Grostefon* and determine they merit neither discussion nor relief.

authority of a request that was never submitted. Then, the convening authority purported to approve at least part of this request that did not and could not exist, and the military judge incorporated that action into the judgment of the court.

While error, it did not materially prejudice a substantial right of the appellant. The convening authority is required to consider any matter an accused submits pursuant to R.C.M. 1106. *See also United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997) (discussing when error in the post-trial action amounts to material prejudice). In this case, notwithstanding the erroneous advice and action concerning forfeitures, the staff judge advocate's advice correctly informs the convening authority of the R.C.M. 1106 submission and the scope of his clemency authority, and the convening authority indicates that he considered it when taking "no action" on the findings or sentence.[2] These circumstances do not overcome the "presumption of regularity" that attaches to the actions of the convening authority in carrying out his duties under the rules for courts-martial and the UCMJ. *See United States v. Bess*, 80 M.J. 1, 10 (C.A.A.F. 2020) (citations and quotations omitted). The record before us demonstrates that the convening authority properly considered appellant's R.C.M. 1106 submission, and the erroneous advice did not materially prejudice any substantial right of the appellant.

## CONCLUSION

Upon consideration of the entire record, including the matters personally submitted by appellant, we AFFIRM the findings and sentence.

Senior Judge MORRIS and Judge JUETTEN concur.

FOR THE COURT:



JAMES W. HERRING, JR.
Clerk of Court

---

[2] Although the staff judge advocate's advice addressed both deferment and waiver of forfeitures as well as the scope of post-trial clemency under R.C.M. 1110, these are different forms of post-trial action. R.C.M. 1103 governs requests for and the granting of deferment and waiver of forfeitures, both adjudged and automatic. This is separate from clemency under R.C.M. 1110, which requires consideration of any matters submitted under R.C.M. 1106. That these are separate processes buttresses our determination of no prejudice.